E4tQfaiC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

            v.                          14 CR 243 (JSR)

ROBERT FAIELLA and CHARLIE
SHREM

               Defendants
------------------------------x
                                        New York, N.Y.
                                        April 29, 2014
                                        2:15 p.m.

Before:

                  HON. JED S. RAKOFF
                               District Judge


                    APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SERRIN A. TURNER
     Assistant United States Attorney

DAVID BRAUN
     Attorney for Defendant Faiella

BRAFMAN & ASSOCIATES
     Attorney for Defendant Shrem
MARC AGNIFILO
JACOB KAPLAN



-also present-

GARY ALFORD - IRS
```

1                  (In open court; case called)

2                  THE COURT:  This is the case of United States v.

3      Faiella and Shrem.  Would counsel please identify themselves.

4                  MR. TURNER:  Good afternoon, your Honor.  Serrin

5      Turner for the government.  With me at counsel table is Special

6      Agent Gary Alford from the Internal Revenue Service.

7                  THE COURT:  Good afternoon.

8                  MR. BRAUN:  Good afternoon, your Honor.  David Braun

9      on behalf of Mr. Robert Faiella sitting to my right.

10                 THE COURT:  Mr. Braun, have you been admitted yet?

11                 MR. BRAUN:  I believe I have.

12                 THE COURT:  How could you accomplish that?

13                 MR. BRAUN:  When I was here at the magistrate hearing

14     at one of the initial appearances, the magistrate asked that I

15     submit a certificate of good standing from the highest court,

16     which I did.  I mailed it in a few days ago and the clerk's

17     office is in receipt of it.  I have a passport to file motions

18     now.

19                 THE COURT:  Well, I am happy to have you here, don't

20     misunderstand.

21                 MR. BRAUN:  Thank you, your Honor.

22                 THE COURT:  But I think you need to do a better job of

23     familiarizing yourselves with the rules.  So if you wanted to

24     be admitted pro hac vice, you need to prepare an order in the

25     form provided by our local rules and submit it to me for

1   signature.  I will be happy to sign it.  And I will admit you
2   today under that assumption.  In addition, and more
3   importantly, you need to familiarize yourself with the
4   individual rules of this court, my rules, because if you had,
5   you would have known that you couldn't file that motion that
6   you have now apparently filed twice without first calling my
7   chambers with your adversary, so that we could set up a
8   schedule in case they wanted to respond.
9           So I will accept that motion.  As someone from out of
10  town, there is no reason you would be familiar with my rules,
11  but now you need to familiarize yourself with them, OK?
12          MR. BRAUN:  Yes, your Honor.  I apologize.
13          THE COURT:  No problem.
14          MR. AGNIFIO:  Good afternoon.  Marc Agnifilo for
15  Charlie Shrem.  With me at counsel table from my firm is Jacob
16  Kaplan.
17          THE COURT:  I have a vague recollection, Mr. Agnifilo,
18  that you are admitted to the bar of this court.
19          MR. AGNIFIO:  Since 1994.
20          THE COURT:  And strange because you look to me like
21  you're only 26.
22          MR. AGNIFIO:  We can stand adjourned now.
23          THE COURT:  All right.  Do I understand, have the
24  defendants been arraigned?
25          MR. TURNER:  No, they have not, your Honor.

```
 1              THE COURT:  So, let's begin with Mr. Faiella, and let
 2   me ask his counsel, have you gone over the indictment with your
 3   client?
 4              MR. BRAUN:  Yes, I have, your Honor.
 5              THE COURT:  Do you wish to have it read again here in
 6   open court or do you waive the public reading?
 7              MR. BRAUN:  We have the public reading.
 8              THE COURT:  Would you like a plea of not guilty
 9   entered at this time?
10              MR. BRAUN:  Yes, your Honor.
11              THE COURT:  A plea of not guilty will be entered.
12              Let me ask Mr. Agnifilo, have you discussed indictment
13   with your client?
14              MR. AGNIFIO:  I have, your Honor.
15              THE COURT:  Do you waive the public reading?
16              MR. AGNIFIO:  I do.
17              THE COURT:  Would you like a plea of not guilty
18   entered at this time?
19              MR. AGNIFIO:  I would.
20              THE COURT:  A plea of not guilty will be entered.
21              Next, the motion that was filed which I've briefly
22   glanced at is a motion to dismiss the indictment or portions
23   thereof for lack of venue and for noncompliance with Fifth and
24   Sixth Amendment guarantees and for a dismissal of Count Three
25   from the indictment for lack of unlawful conduct or,
```

1    alternatively, the transcript of this proceeding to the Middle
2    District of Florida, and I will confess that I think that is
3    the single longest title for a motion that I've ever seen.
4              Did the government want to respond now or do you want
5    to respond in writing?
6              MR. TURNER:  We can respond in writing, your Honor.
7    We only need a few days or a week to do so.
8              THE COURT:  Fine.  Today is April 29.  So why don't we
9    say by Tuesday May 6?
10             MR. TURNER:  That's fine, your Honor.  Thank you.
11             THE COURT:  Then I will decide the motion on the
12   papers.  On the assumption that the case remains here with
13   respect to both defendants, let's set a schedule.
14             How long does the government propose for completing
15   discovery?
16             MR. TURNER:  We have been compiling the materials
17   expeditiously, your Honor, and we think we will be ready to
18   produce it in two weeks.  The defendants will need to provide
19   us with a hard drive each to download the information.
20             THE COURT:  That's fine.  So two weeks from today
21   would be May 13.  How long do defense counsel want for the
22   making of any motions?
23             MR. AGNIFIO:  The proposal that I was going to ask
24   your Honor to consider -- we have been in constant dialogue
25   with the government.

Case 1:14-cr-00243-JSR   Document 28   Filed 06/18/14   Page 6 of 9     6
E4tQfaiC

1        THE COURT:  Well, you have my condolences, but why
2    does that matter to me, to be blunt about it.
3        MR. AGNIFIO:  I just -- misery loves company.  And
4    basically they told us it's a tremendous amount of material,
5    and the government's estimation is it's going to take us a
6    month to go through it.
7        So what I was going to propose is -- and I'm mindful
8    that my colleagues have to come back from Florida -- after we
9    go through the discovery, maybe to set a date five or six weeks
10   out.  That way we all know what the discovery is and we can see
11   if we do have any motions; and if we do have motions, we can
12   inform your Honor.
13       THE COURT:  No, I am certainly willing to give you
14   some meaningful time, but I want to set some dates certain.
15       Let me ask the government, what is the nature of the
16   discovery that it's going to take so long to go through?
17       MR. TURNER:  The bulk of it, your Honor, is several
18   collections of email accounts that are quite voluminous in
19   their contents.  There's also private messages on Silk Road
20   that defendant Faiella sent in the course of running his
21   business.  There's a lot of bank records.  There were documents
22   seized from Mr. Faiella's home and --
23       THE COURT:  It doesn't sound all that unusual to me.
24   Let's assume it takes a month to go through the discovery, and
25   then at that point it doesn't seem to me it would take more

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    than two weeks to formulate your motions.
2             So why don't we see, so a month would be May 29.  Two
3    weeks after that would be June 12.  So all motions to be filed
4    by June 12.
5             We will have a further conference -- on the week of
6    June 16 I am trying a case in Ocala, Florida, wherever that
7    might be, but -- in all seriousness, if this were of any
8    interest to the parties, we could have a conference there which
9    would be of less inconvenience to one of the defense counsel.
10   But assuming for the moment that that won't work -- I'm looking
11   at that, it's a two-week trial, so I think we're talking early
12   July.
13            I normally don't put a time for the government to
14   respond until I see the motions, but I think I am going to
15   change that.  So the defense motions are due June 12.  Any
16   answering papers by the government are due June 26.  Any reply
17   papers from the defense are due July 3, and we will have a
18   further conference on July 10 at 11:00 a.m.
19            MR. TURNER:  Your Honor, is it possible to move that
20   conference back a couple of days?  I am going to be returning
21   from international travel right around that time.  I'm not sure
22   I'm going to be back then.
23            THE COURT:  Where are you going?
24            MR. TURNER:  Australia.  It's a very long ways away.
25            THE COURT:  This, I'm sure, is on very official

E4tQfaiC

1    business.  So you want it to be, what, the beginning of the
2    next week?
3             MR. TURNER:  Correct, your Honor.
4             THE COURT:  So Monday, July 14, is that Bastille Day?
5    Yes, I think so.  Maybe.  No French patriots here?  So, July 14
6    at 11:00 a.m.
7             Now, my law clerk just said very good because he's
8    amazed I can be right about anything.
9             Now, how long a trial does the government anticipate?
10            MR. TURNER:  I think it will be less than two weeks,
11   your Honor.
12            THE COURT:  Does defense counsel agree with that?
13            MR. BRAUN:  Yes, your Honor.
14            THE COURT:  So, whatever motions are filed, I can
15   certainly dispose of by the end of July, and you will want
16   August to prepare.  So let's set a trial date for September.
17            MR. AGNIFIO:  Your Honor, just as you're looking at
18   your calendar, we have a trial in front of Judge Crotty on
19   September 8, and I expect that to be about a week-long trial.
20            THE COURT:  How about September 22?
21            MR. TURNER:  That's fine for the government, your
22   Honor.
23            THE COURT:  OK.  So, I should let Mr. Braun know that
24   in this court when I set dates, they are firm.  They are fixed.
25   They are unalterable.  So all of those dates are set in stone.

E4tQfaiC

1  Pursuant to Section 3161 of Title 18, I will exclude
2  all time between now and September 22, finding that such time
3  is necessary for the review of the voluminous discovery, the
4  making and deciding of motions; and for those and other reasons
5  ebbing from this colloquy, the best interests of justice in
6  excluding such time substantially outweighs the interest of the
7  public and the defendants in a speedy trial.
8  Anything else we need to take up today?
9  MR. TURNER:  One housekeeping matter, your Honor.
10  I have a protective order that both parties consented
11  to in respect to discovery in this matter.
12  THE COURT:  Let me take a look.  That looks fine.
13  I've signed the order.  And I'll give it to my clerk and deputy
14  to docket.
15  Anything else?
16  MR. TURNER:  No.  Thank you, your Honor.
17  THE COURT:  Anything from defense?
18  MR. AGNIFIO:  Not from me.
19  MR. BRAUN:  No, your Honor.
20  THE COURT:  Very good.  Thanks so much.
21  (Adjourned)