E944shrP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4            v.                          14 CR 00243

5  CHARLIE SHREM,

6              Defendant.

7  ------------------------------x

8                                   New York, N.Y.
                                    September 4, 2014
9                                   4:40 p.m.

10

   Before:
11
                   HON. JED S. RAKOFF,
12
                                    District Judge
13

14                      APPEARANCES

15

   PREET BHARARA
16      United States Attorney for the
        Southern District of New York
17 SERRIN A. TURNER
        Assistant United States Attorney
18
   BRAFMAN & ASSOCIATES, P.C.
19      Attorneys for Defendant
   MARC AGNIFILO
20 JACOB KAPLAN

21

22
   ALSO PRESENT:  GARY ALFORD, Special Agent
23

24

25

E944shrP

1          (Case called)

2          THE COURT:  So I understand that Mr. Shrem wants to

3    enter a plea to a superseding information.  Is that right?

4          MR. AGNIFILO:  That is correct, your Honor.

5          THE COURT:  Is there a plea agreement here, as well?

6          MR. TURNER:  Yes, your Honor.

7          THE COURT:  The same deficiencies?

8          MR. TURNER:  I'm afraid so, your Honor.

9          THE COURT:  All right.  Place the defendant under

10   oath.

11         (Defendant sworn)

12         THE COURT:  Mr. Shrem, let me first advise you that

13   because you're under oath, anything you say that is knowingly

14   false could subject you to punishment for perjury or

15   obstruction of justice in the making of false statements.

16         Do you understand?

17         THE DEFENDANT:  I do, your Honor.

18         THE COURT:  Do you read, write, speak, and understand

19   English?

20         THE DEFENDANT:  I do, your Honor.

21         THE COURT:  Where are you from originally?

22         THE DEFENDANT:  Brooklyn, New York.

23         THE COURT:  How old are you?

24         THE DEFENDANT:  I'm 24, your Honor.

25         THE COURT:  How far did you go in school?

E944shrP

1            THE DEFENDANT:  I have a bachelor of science from

2     Brooklyn College.

3            THE COURT:  Have you ever been treated by a

4     psychiatrist or psychologist?

5            THE DEFENDANT:  No, your Honor.

6            THE COURT:  Have you ever been hospitalized for any

7     mental illness?

8            THE DEFENDANT:  No, your Honor.

9            THE COURT:  Have you ever been treated or hospitalized

10    for alcoholism?

11           THE DEFENDANT:  No, your Honor.

12           THE COURT:  Have you ever been treated or hospitalized

13    for narcotics addiction?

14           THE DEFENDANT:  No, your Honor.

15           THE COURT:  Are you currently under the care of a

16    physician for any reason?

17           THE DEFENDANT:  No, your Honor.

18           THE COURT:  In the last 24 hours, have you taken any

19    pill or medicine of any kind?

20           THE DEFENDANT:  No, your Honor.

21           THE COURT:  In the last 24 hours, have you taken any

22    alcohol or narcotic of any kind?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  What was that?

25           THE DEFENDANT:  I had a beer last night.

E944shrP

1            THE COURT:  Just one beer?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And are you feeling any aftereffects in

4    any way, shape, or form of that beer?

5            THE DEFENDANT:  Absolutely not, your Honor.

6            THE COURT:  More generally, are you feeling all right

7    today?

8            THE DEFENDANT:  Yes.

9            THE COURT:  Is your mind clear?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Do you understand these proceedings?

12           THE DEFENDANT:  Yes, your Honor.

13           THE COURT:  On the basis of the defendant's responses

14   to my questions and my observations of his demeanor, I find he

15   is fully competent to enter an informed plea at this time.

16           You have a right to be represented by counsel at every

17   stage of these proceedings.  Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If at any time you can't afford counsel,

20   the Court will appoint one for you free of charge, do you

21   understand that, to represent you not only through all the

22   proceedings but through trial, everything?

23           Do you understand that?

24           THE DEFENDANT:  Yes.

25           THE COURT:  You're represented by Mr. Agnifilo.  Are

E944shrP

1   you satisfied with his representation?

2           THE DEFENDANT:  Very, your Honor.

3           THE COURT:  Have you had a full opportunity to discuss

4   this case with him?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Have you told him everything you know

7   about this case?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Now, you were charged, in indictment

10  14 Criminal 243, with two felony counts, and you can go to

11  trial and challenge the government's evidence on those counts.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And in fact, since Mr. Agnifilo has

15  already shown himself in many previous occasions before this

16  Court to be an exceptional trial attorney, I was rather

17  heartbroken to hear you were going to deprive me of that

18  opportunity, but I take it, it is your desire to plead guilty;

19  is that it?

20          THE DEFENDANT:  Yes, and I apologize, your Honor.

21          THE COURT:  So before I can accept any plea of guilty,

22  I need to make certain that you understand the rights that you

23  will be giving up if you plead guilty, so I want to go over

24  with you now those rights.

25          Do you understand that?

E944shrP

1          THE DEFENDANT:  Yes.

2          THE COURT:  First, you have the right to a speedy and

3    a public trial by a jury on the charges against you.

4          Do you understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Second, if there were a trial, you would

7    be presumed innocent and the government would be required to

8    prove your guilt beyond a reasonable doubt.

9          Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Third, at the trial, you would have the

12    right to be represented by counsel.  Once again, if at any time

13    you could not afford counsel, the Court would appoint one to

14    represent you free of charge throughout the trial and at all

15    other proceedings.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Fourth, at the trial, you would have the

19    right to see and hear all the witnesses and other evidence

20    against you, and your attorney could cross-examine the

21    government's witnesses and object to the government's evidence,

22    and you could have subpoenas issued to compel the attendance of

23    witnesses and other evidence on your own behalf and could

24    present such other evidence as you desire to present.

25          Do you understand all that?

E944shrP

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Fifth, at the trial, you would have the

3   right to testify if you wanted to, but no one could force you

4   to testify if you did not want to, and no suggestion of guilt

5   could be drawn against you if you chose not to testify.

6           Do you understand that?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Sixth, even if you were convicted of one

9   or more of these counts, you would have the right to appeal

10  your conviction.

11          Do you understand that?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand that if you plead

14  guilty, you will be giving up each and every one of the rights

15  we just discussed?

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Now, the government proposes that you

19  plead guilty to what is called a superseding information, which

20  charges you in one count with operating or aiding and abetting

21  the operation of an unlicensed money transmitting business.

22          Have you read that superseding indictment?

23          THE DEFENDANT:  Yes, I have.

24          THE COURT:  Superseding information.  I'm sorry.

25          THE DEFENDANT:  Yes, I have, your Honor.

E944shrP

1          THE COURT:  Now, you need to understand that under the

2    Constitution, this charge could normally only be brought

3    against you if it was first presented to a grand jury, a group

4    of 16 to 23 citizens who would meet in private and who would

5    hear evidence and who could only vote this charge if they found

6    there's probable cause to believe that you committed this

7    crime.

8          Do you understand that?

9          THE DEFENDANT:  I do, your Honor.

10          THE COURT:  Do I understand that you are agreeable to

11    give up that constitutional right and that the government filed

12    this superseding information against you?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  In that regard, has a written waiver been

15    executed?

16          MR. AGNIFILO:  We have, Judge.

17          THE COURT:  Could you hand it up, please.

18          I have been furnished with a written waiver allowing

19    the information to be filed, so I will give it to my courtroom

20    deputy to witness, and we will allow the filing of the

21    Superseding Information S1, 14 Criminal 243.

22           Even though it has been filed, again, you could go to

23    trial if you wanted to.

24          Do you understand that, Mr. Shrem?

25          THE DEFENDANT:  Yes, your Honor.

E944shrP

1            THE COURT:  If you don't go to trial, once again, you

2    will be giving up each and every one of those rights we just

3    discussed.

4            Do you understand that?

5            THE DEFENDANT:  Yes.

6            THE COURT:  You have gone over the information.  Have

7    you discussed it with your counsel?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Do you understand its terms?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Mr. Agnifilo, do you want it read in open

12   court, or do you waive the public reading?

13           MR. AGNIFILO:  I waive it, your Honor.

14           THE COURT:  Mr. Shrem, this information, which charges

15   you with aiding and abetting the operation of an unlicensed

16   money transmitting business, carries a maximum sentence of five

17   years' imprisonment, to be followed by up to three years'

18   supervised release, plus a fine, whichever is greatest, either

19   $250,000 or twice the amount of money derived from the crime or

20   twice the loss to victims of the crime, plus a mandatory $100

21   special assessment, and there is also a forfeiture provision.

22           Do you understand all that?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  Do you understand, also, that if I were to

25   impose a term of supervised release and you were to violate any

E944shrP

1    of the conditions of supervised release, that violation in and

2    of itself could subject you to still further imprisonment going

3    even beyond the terms of supervised release?

4              Do you understand that?

5              THE DEFENDANT:  Of course, your Honor, yes.

6              THE COURT:  In terms of the actual sentence, I have no

7    idea at this point what sentence I will impose in your case,

8    but one of the things I will look at are the sentencing

9    guidelines, which are certain laws that recommend a range in

10   which the Court is suggested to sentence you.  These are not

11   binding, but the Court will consider them.

12             In that connection, I have been furnished with a

13   letter agreement, which we will now mark as Court Exhibit 1 to

14   today's proceeding, and it takes the form of a letter from the

15   government to defense counsel, and it appears, Mr. Shrem, that

16   you signed it earlier today.  Is that right?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  Before signing it, did you read it?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Did you discuss it with your counsel?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Did you understand its terms?

23             THE DEFENDANT:  I did, your Honor.

24             THE COURT:  Did you sign it in order to indicate your

25   agreement to its terms?

E944shrP

1           THE DEFENDANT:  I did, yes.

2           THE COURT:  This letter agreement is binding between

3    you and the government, but it is not binding on me, it is not

4    binding on the Court.

5           Do you understand that?

6           THE DEFENDANT:  I do, your Honor.

7           THE COURT:  For example, with respect to the

8    sentencing guidelines, this letter agreement says that the

9    guideline range is 57 to 60 months.  I may agree with that, or

10   I may disagree with that.  Even if I agree with that, I may

11   sentence you within that range or I may sentence you outside

12   the range; and regardless of where I come out, if you plead

13   guilty, you will still be bound by my sentence.

14          Do you understand that?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  More generally, do you understand that if

17   anyone has made any kind of promise or prediction or estimate

18   or representation to you of what your sentence will be in this

19   case, that person could be wrong?  Nevertheless, if you plead

20   guilty, you will still be bound by my sentence.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  On the other hand, under your letter

24   agreement with the government, you have agreed that if I do

25   sentence you to 60 months or less, you will not appeal or

E944shrP

1  otherwise attack your sentence.

2         Do you understand that?

3         THE DEFENDANT:  Yes, your Honor.

4         THE COURT:  Does the government represent that this

5  letter agreement that we have now marked as Court Exhibit 1 is

6  the entirety of any and all agreements between the government

7  and Mr. Shrem?

8         MR. TURNER:  Yes, your Honor.

9         THE COURT:  Does defense counsel confirm that as

10  correct?

11         MR. AGNIFILO:  I do, your Honor.

12         THE COURT:  Mr. Shrem, do you confirm that as correct?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Mr. Shrem, other than the government, has

15  anyone else made any kind of promise to you or offered you any

16  inducement to get you to plead guilty in this case?

17         THE DEFENDANT:  No, your Honor.

18         THE COURT:  Has anyone threatened or coerced you to

19  get you to plead guilty in this case?

20         THE DEFENDANT:  No, your Honor.

21         THE COURT:  Does the government represent that if this

22  case were to go to trial, it could, through competent evidence,

23  prove every essential element of this charge beyond a

24  reasonable doubt?

25         MR. TURNER:  Yes, your Honor.

E944shrP

1           THE COURT:  Does defense counsel know of any valid

2      defense that would likely prevail at trial or any other reason

3      why his client should not plead guilty?

4           MR. AGNIFILO:  No, your Honor.

5           THE COURT:  Mr. Shrem, tell me in your own words what

6      it is that you did that makes you guilty of this crime.

7           THE DEFENDANT:  I prepared a statement this morning.

8           THE COURT:  Go ahead.

9           THE DEFENDANT:  I admit that between January of 2012

10     and October of 2012, I helped a person known to me as BTCKing,

11     who had a money transmitting business by processing bitcoin

12     orders.  Specifically, I knew that BTCKing was a money

13     transmitter and that his business affected interstate commerce

14     because he was involved in interstate commerce transactions.  I

15     knew that BTCKing had failed to comply with the registration

16     requirements of the federal money transmitter business.  I also

17     knew that BTCKing was involved in transmitting funds that were

18     converted into bitcoin and resold on a website called Silk

19     Road, and I knew that much of the business conducted on Silk

20     Road involved the unlawful buying and selling of narcotics.

21     Therefore, I knew that the funds that BTCKing was transmitting

22     to his customers were intended to promote and support criminal

23     activity.

24           Finally, I engaged in some of this conduct while in

25     Manhattan within the Southern District of New York.  I knew

E944shrP

1    that what I did here was wrong.  I am pleading guilty because I

2    am guilty.

3              THE COURT:  I'm not totally clear from that otherwise

4    very complete statement exactly what your role was.

5              THE DEFENDANT:  I operated a company called BitInstant

6    for a three-year period.  For about an eleven-month period

7    within those three years, BTCKing would use our company to add

8    funds, dollars, to his bitcoin exchange accounts.  They're

9    bitcoin exchanges, and my company acted as a payment processor

10   for those exchanges.  He then would use those funds on the

11   exchange to buy bitcoin.  At that point, he would resell that

12   bitcoin to customers that he knew were using them on Silk Road.

13             THE COURT:  So in effect, you through the means you

14   just mentioned, you were helping him achieve his ends?  Yes?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And one of those ends you knew was the

17   transmission of funds used to promote the narcotics trade known

18   as the Silk Road?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Very good.

21             Let me ask the government first, anything else the

22   government wants me to inquire about or represent with respect

23   to the factual portion of the allocution?

24             MR. TURNER:  No, your Honor.  I think that covers it.

25             THE COURT:  Anything else regarding any aspect of the

E944shrP

1   allocution that either counsel wants the Court to further

2   inquire about before I ask the defendant to formally enter his

3   plea?

4           Anything else from the government?

5           MR. TURNER:  No, your Honor.

6           THE COURT:  Anything from the defense?

7           MR. AGNIFILO:  No, thank you, your Honor.

8           THE COURT:  So Mr. Shrem, in light of everything we

9   have now discussed, how do you now plead to the one-count

10  superseding information S1 14 Criminal 243; guilty or not

11  guilty?

12          THE DEFENDANT:  Guilty, your Honor.

13          THE COURT:  Are you pleading guilty voluntarily?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Because the defendant has acknowledged his

16  guilt as charged, because he has shown that he understands his

17  rights, because his plea is entered knowingly and voluntarily

18  and is supported by an independent basis of fact containing

19  each of the essential elements of the offense, I accept his

20  plea and adjudge him guilty of the one-count information

21  S1 14 Criminal 243.

22          Mr. Shrem, the next stage of this process is that the

23  probation office will prepare a presentence report to help

24  assist me in determining sentence; and as part of that, you and

25  your counsel will be furnished with a draft of the report.

E944shrP

1   Before that, you will be interviewed by the probation officer.

2   You can have your counsel present to advise you of your rights,

3   but under my practices, if you want to qualify for the full

4   credit for acceptance of responsibility, you personally need to

5   answer any and all questions put to you by the probation

6   officer.

7                Do you understand that?

8                THE DEFENDANT:  Yes, your Honor.

9                THE COURT:  After that report is in draft form but

10  before it is in final form, you and your counsel and also

11  government counsel have the chance to review it and offer

12  suggestions, corrections, and additions directly to the

13  probation officer, who will then prepare the report in final to

14  come to me.

15               Independent of that, counsel for both sides are hereby

16  given leave to submit directly to the Court in writing any and

17  all materials bearing on any aspect of sentence provided they

18  are submitted no later than one week before sentence.

19               We will put the sentence down for January 20th at

20  4:30 p.m.

21               I assume that works for both counsel.

22               MR. TURNER:  Yes, your Honor.

23               MR. AGNIFILO:  Yes.  Thank you.

24               THE COURT:  Very good.  Anything else we need to take

25  up today?

E944shrP

1          MR. TURNER:  Not from the government, thank you.

2          MR. AGNIFILO:  Not from the defense.

3          THE COURT:  Very good.  Thanks a lot.

4          (Adjourned)